# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| SPECTERA, INC., <br><br> Plaintiff, <br> v. <br><br> STEVEN M. WILSON, O.D., P.C.; STEVEN M. WILSON, O.D.; NANCY G. JOHNSON, O.D., CYNTHIA J. MCMURRAY, O.D.; and JODIE E. SUMMERS, O.D., <br><br> Defendants. | Civil Action 7:11-CV-2 (HL) |

## ORDER

This case is before the Court on the Motion to Dismiss filed by Defendants Steven M. Wilson, O.D., P.C., Steven M. Wilson, O.D., Cynthia J. McMurray, O.D., and Jodie E. Summers, O.D. (Doc. 9). For the reasons discussed herein, Plaintiff's complaint (Doc. 1) is dismissed. Defendants' Motion (Doc. 9) is denied as moot.

## I.     BACKGROUND

Defendants Wilson, McMurray, and Summers are optometrists. They are all employed by Defendant Steven M. Wilson, O.D., P.C. Plaintiff is a health care insurer. It provides a health benefit plan that includes eye care benefits. Defendants Wilson, McMurray, and Summers are parties to participating provider contracts with Plaintiff, under which they may provide eye care services to Plaintiff's insureds and may receive reimbursement for those services directly from Plaintiff.

Under the current version of the provider contract, Defendants are entitled to furnish, and be reimbursed by Plaintiff for, contact lenses, spectacles, spectacle lens

upgrades, and frames. Plaintiff is in the process of modifying its provider contracts. Under the new contract, according to Plaintiff, providers must obtain materials from Plaintiff's optical laboratory, rather than obtaining them from a laboratory of their choice. Thus, Defendants will no longer be entitled to receive materials reimbursements from Plaintiff.

Defendants have objected to the proposed new contract, and on November 30, 2011, filed a lawsuit against Plaintiff in the Superior Court of Lowndes County, which was subsequently removed to this Court in Civil Action 7:10-CV-154. Defendants allege in that case that the proposed changes violate the Georgia Patient Access to Eye Care Act, O.C.G.A. § 33-24-59.12, and have requested permanent injunctive relief to prevent Plaintiff's alleged violations of the Eye Care Act.

On January 5, 2011, Plaintiff filed this declaratory judgment action, seeking a declaration from the Court that the proposed new contract does not violate the Eye Care Act.

## II. DISCUSSION

The Declaratory Judgment Act states that a court of the United States "*may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201 (emphasis added). A district court has "discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282, 115 S.Ct. 2137 (1995).

2

The Declaratory Judgment Act "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330 (11th Cir. 2005).

The Court recently granted a motion to remand Civil Action 7:10-CV-154 to the Superior Court of Lowndes County, on the basis that the Court lacked subject matter jurisdiction over the case as the amount in controversy had not been met. Through that remand, the question of whether the proposed new contract violates the Eye Care Act is now before the state court.

As stated by the Eleventh Circuit in Federal Reserve Bank of Atlanta v. Thomas, 220 F.3d 1235, 1247 (11th Cir. 2000), "[a] court may exercise its discretion to dismiss a declaratory judgment action in favor of a pending state court proceeding that will resolve the same state law issues." The recently remanded matter will resolve the issue of whether the contract violates the Eye Care Act. If the Court retains the declaratory judgment action, the parties could easily be faced with conflicting judgments as to whether there is a violation. Further, the Court firmly believes that the issue of whether the contract violates Georgia statutory law is best left to the Georgia state courts.

The Court declines to rule on the declaratory judgment claim. Accordingly, Plaintiff's complaint (Doc. 1) is dismissed without prejudice. Defendants' Motion to Dismiss (Doc. 9) and Plaintiff's Motion to Amend (Doc. 27) are denied as moot.

**SO ORDERED**, this the 18th day of March, 2011.

                                                *s/ Hugh Lawson*
mbh                                     **HUGH LAWSON, SENIOR JUDGE**